## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

|  |  |
|---|---|
| COSLOVE INC.<br><br>                                        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>                                        Defendants. | Civil Action No.   1:26-cv-2400<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff CosLove Inc. ("Plaintiff" or "CosLove"), by and through undersigned counsel, brings this action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement, trademark counterfeiting, and false designation of origin arising under the Lanham Act, 15 U.S.C. § 1051 et seq., brought to stop a coordinated group of online sellers from unlawfully exploiting Plaintiff's federally registered KONEKA trademark in connection with the advertising, offering for sale, and sale of unauthorized and counterfeit apparel products.

2. Defendants are individuals and unincorporated business associations who operate online storefronts through e-commerce platforms through which they advertise and sell apparel products bearing the KONEKA Mark without authorization.

1

3.  By using the KONEKA Mark in connection with their products, Defendants create the false impression that their goods are affiliated with or approved by Plaintiff.

4.  Defendants' conduct causes ongoing and irreparable harm to Plaintiff, including erosion of brand goodwill, consumer confusion, diversion of sales, and loss of control over the reputation associated with the KONEKA Mark.

5.  Unless restrained by this Court, Defendants will continue their infringing activities and will continue to generate revenue through misuse of Plaintiff's federally registered trademark.

6.  Plaintiff therefore brings this action to protect its federally registered trademark rights, to prevent further consumer confusion and damage to its brand, and to obtain injunctive and monetary relief as authorized by law.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act, 15 U.S.C. § 1051 et seq. This Court also has jurisdiction pursuant to 15 U.S.C. §§ 1116, 1121, and 1125(a).

8.  This Court has personal jurisdiction over Defendants because Defendants purposefully direct their commercial activities toward Illinois and this District through the operation of fully interactive online storefronts.

9.  Defendants' storefronts are accessible to consumers in Illinois and allow consumers in Illinois to purchase products, make payment in United States dollars, and arrange for shipment to Illinois addresses.

10. As reflected in the evidence attached as **Exhibit 1**, Defendants have offered for sale products bearing the KONEKA Mark to consumers in Illinois and have made such products available for shipment into Illinois.

11. Defendants' sale and offering for sale of infringing products to consumers in Illinois constitutes tortious conduct directed at Illinois and has caused injury to Plaintiff in this District.

12. Defendants have established sufficient minimum contacts with Illinois such that the exercise of personal jurisdiction over them comports with due process and does not offend traditional notions of fair play and substantial justice.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

14. Venue is also proper pursuant to 28 U.S.C. § 1391(c)(3) because, upon information and belief, certain Defendants reside outside the United States and may be sued in any judicial district.

**PARTIES**

**Plaintiff**

15. Plaintiff CosLove Inc. is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 585 Salida Way, Aurora, Colorado 80011.

16. Plaintiff is the owner of United States Trademark Registration No. 6,489,757 for the standard character mark KONEKA in International Class 25 for apparel products (the "KONEKA Mark"). A true and correct copy of the registration certificate is attached hereto as **Exhibit 2**.

17. The KONEKA Mark is valid, subsisting, and in full force and effect on the Principal Register of the United States Patent and Trademark Office. Pursuant to 15 U.S.C. § 1057(b), the

registration constitutes prima facie evidence of the validity of the mark and Plaintiff's exclusive right to use the KONEKA Mark in commerce in connection with the goods identified in the registration.

18. Plaintiff has continuously and extensively used the KONEKA Mark in commerce in connection with Plaintiff's Products and has invested substantial time, effort, and resources in advertising, marketing, and promoting the KONEKA Mark throughout the United States, including in Illinois and this District.

19. Through Plaintiff's consistent use of the KONEKA Mark, careful brand management, and quality control over its apparel products, the KONEKA Mark has come to symbolize and represent Plaintiff's reputation for quality, authenticity, and reliability in the marketplace.

20. Plaintiff maintains strict quality control standards over all products sold under the KONEKA Mark through Plaintiff's online storefront at https://koneka.store. *See* **Exhibit 3**. Plaintiff also implements consistent policies to ensure that satisfactory post-sale customer service is provided.

21. As a result of Plaintiff's substantial investment and continuous use, the KONEKA Mark has developed significant goodwill and recognition among consumers and functions as a distinctive source identifier for Plaintiff's Products.

22. The KONEKA Mark has never been abandoned and remains a valuable asset of Plaintiff's business.

**Defendants**

23. Defendants are individuals and business entities of unknown legal form who own and/or operate one or more online storefronts identified by the seller names listed on Schedule A (the "Seller Aliases"), as well as potentially additional seller names not yet identified.

24. Upon information and belief, Defendants reside and/or conduct business in foreign jurisdictions, including the People's Republic of China and other locations outside the United States.

25. Defendants conduct their business primarily through internet-based marketplace platforms using the Seller Aliases listed on Schedule A. These Seller Aliases function as storefront identifiers through which Defendants advertise, offer for sale, and sell products to consumers in the United States.

26. Upon information and belief, certain Defendants may operate multiple Seller Aliases or coordinate with other Defendants to distribute products from common or related sources.

27. Defendants employ measures designed to obscure their true identities and corporate structures, including the use of fictitious names, incomplete contact information, and layered financial and shipping accounts. These practices make it difficult to ascertain the precise legal identity and organizational relationships of each Defendant.

28. Plaintiff will seek to amend this Complaint to identify Defendants by their true names and capacities if and when such information becomes available through discovery or court order.

29. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

30. Defendants are promoting, selling, offering for sale, and distributing counterfeits bearing KONEKA mark within this district.

31. Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

32. Plaintiff's claims against the multiple defendants listed in Schedule A are all transactionally related.

33. All Defendants' actions are logically related. All Defendants are engaging in the same systematic approach of establishing online storefronts to distribute illegal products from the same or similar sources while maintaining financial accounts anonymously so that Defendants can easily conceal their identities to avoid any real liability for their actions.

34. The natural and intended consequence of Defendants' logically related actions is the erosion and destruction of the goodwill associated with the KONEKA mark and the destruction of the legitimate market sector in which KONEKA operates.

35. Upon information and belief, all Defendants are located in foreign jurisdictions. All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal counterfeiting activities.

36. All Defendants take advantage of a set of circumstances, including the anonymity and mass reach the internet affords, to sell infringing goods across international borders and violate Plaintiff's trademark rights with impunity.

37. Defendants are using the KONEKA mark to attract consumer traffic to their stores, and each Defendant's profits increase as more counterfeit sellers exploit the KONEKA mark.

38. Joinder of the multiple defendants listed in Schedule A is procedural only and does not affect the substantive rights of any defendant listed on Schedule A hereto.

39. Defendants have actual or constructive knowledge of KONEKA mark, which have been federally registered and actively promoted by KONEKA, as well as Plaintiff's exclusive right to use or license KONEKA mark.

40. On information and belief, Defendants operate storefronts offering the accused products through substantially similar listing structures and platform mechanisms.

41. From past experience, and on information and belief, storefronts listed on Schedule A are owned or controlled by the same individual or related entities.

42. Defendants' storefronts and listings include overlapping product images, identical or nearly identical product descriptions, identical misspellings and grammatical errors, materially similar pricing structures, and materially similar product indicia consistent with common sourcing and manufacturing origin.

43. These overlapping characteristics are not coincidental. They indicate that many of the counterfeit products originate from the same or similar sources and are distributed through interrelated storefronts as part of a connected series of transactions.

44. Much of the evidence required to establish liability as to one Defendant will overlap with the evidence required to establish liability as to other Defendants, including account records, storefront architecture, product imagery, sourcing indicators, and transaction histories.

45. Third Party Platforms such as Amazon have a standard practice of handling subpoenas or discovery requests via email. Joinder of Defendants reduces the burden on third parties.

## DEFENDANTS' INFRINGING ACTIVITIES

46. None of the KONEKA Mark has ever been assigned or licensed to any of the Defendants in this matter.

47. Upon information and belief, at all times relevant hereto, Defendants had full knowledge of Plaintiff's ownership and exclusive rights in and to the Plaintiff's Mark, including the substantial goodwill associated therewith.

48. Plaintiff has recently discovered that Defendants are using identical or confusingly similar imitations of the Plaintiff's Mark in connection with the marketing, offering for sale, and sale of counterfeit goods.

49. Defendants' Stores are deliberately designed to mislead consumers by mimicking the appearance of authorized online retailers, thereby creating a false impression of affiliation with or endorsement by Plaintiff.

50. Defendants' use of the Plaintiff's Mark in commerce, in connection with the advertising, distribution, and sale of counterfeit goods, is likely to cause confusion, mistake, or deception among consumers as to the origin, sponsorship, or approval of those goods, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51. Without Plaintiff's authorization or consent, Defendants have knowingly and willfully manufactured, imported, distributed, advertised, offered for sale, and sold goods bearing unauthorized reproductions or imitations of the Plaintiff's Mark, including to consumers in the United States and the State of Illinois.

52. The Counterfeit Products are not genuine goods manufactured with authority or license from Plaintiff, but they use KONEKA mark on products and on product description to identify source of goods.

53. Upon information and belief, Defendants have unlawfully embedded the Plaintiff's Mark in the content and metadata of product listings on the Infringing Webstores to increase web traffic and mislead search engine algorithms.

54. Defendants have undertaken extensive efforts to conceal their true identities, utilizing multiple fictitious names, false addresses, and various digital storefronts to facilitate the infringing activity identified herein and to evade enforcement efforts.

55. Defendants' infringing acts are causing and will continue to cause irreparable harm to Plaintiff's brand reputation, consumer goodwill, and market share, for which there is no adequate remedy at law.

56. Unless enjoined by this Court, Defendants will continue their infringing activities, including the registration and operation of new webstores and listings designed to sell counterfeit products bearing unauthorized reproductions of the Plaintiff's Mark.

## COUNT ONE - TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. §1114)

57.  Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

58. Without Plaintiff's authorization or consent, and having knowledge of the fact that Defendants' Counterfeit Products are sold using mark which are identical or confusingly similar to the Plaintiff's Mark, the Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Plaintiff's sale of genuine products, in or affecting interstate commerce.

59.  Defendants' use of copies or approximations of the Plaintiff's Mark in conjunction with Defendant's Counterfeit Products has caused and is causing confusion, mistake and deception

among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill and sales.

60. Defendants' acts constitute willful trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114.

61. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

**COUNT TWO – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

62. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

63. Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

64. By misappropriating and using the KONEKA mark, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

65. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

66. Pursuant to 15 U.S.C. § 1125(a), Defendants' use of the Plaintiff's Mark, genuine product images, and trade names in connection with their goods and services in interstate commerce constitutes a false designation of origin and unfair competition.

10

67. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in favor of Plaintiff on all counts as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, successors, assigns, and all persons acting for, with, by, through, under, or in active concert or participation with them be temporarily, preliminarily, and permanently enjoined and restrained from:

  a. using the KONEKA Mark or any reproductions, counterfeits, copies, or colorable imitations thereof in any manner in connection with the manufacture, distribution, marketing, advertising, offering for sale, or sale of any product not authorized by Plaintiff;

  b. passing off, inducing, or enabling others to sell or pass off any product as a genuine KONEKA product that is not manufactured, distributed, or authorized by Plaintiff;

  c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

  d. further infringing the KONEKA Mark or otherwise damaging Plaintiff's goodwill and reputation;

      e. registering, maintaining, operating, or utilizing any domain names, marketplace accounts, seller aliases, storefronts, or online platforms that incorporate or use the KONEKA Mark or any confusingly similar designation; and

      f. manufacturing, importing, shipping, delivering, holding for sale, transferring, or otherwise disposing of any products or inventory not authorized by Plaintiff that bear the KONEKA Mark or any reproduction, counterfeit, copy, or colorable imitation thereof;

B. That, upon Plaintiff's request, any third-party online marketplace platforms, payment processors, financial institutions, merchant account providers, or other service providers with notice of the injunction—including, without limitation, any e-commerce platforms used by Defendants—be ordered to:

      a. disable and cease displaying any advertisements, listings, or storefronts associated with Defendants that use the KONEKA Mark;

      b. identify and restrain all accounts and funds associated with Defendants' infringing activities; and

      c. transfer to Plaintiff all restrained funds, up to the amount of the judgment entered herein;

C. That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of their unlawful acts alleged herein, together with Plaintiff's actual damages, and that such damages be trebled pursuant to 15 U.S.C. § 1117(a) and (b);

D. In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) in an amount of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court deems just;

E.   That Defendants be ordered to deliver up for destruction all counterfeit products, packaging, labels, advertising materials, and other materials bearing the KONEKA Mark pursuant to 15 U.S.C. § 1118;

F.   That this case be declared exceptional and that Plaintiff be awarded its reasonable attorneys' fees and full costs pursuant to 15 U.S.C. § 1117(a);

G.   That Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law; and

H.   That the Court award such other and further relief as it deems just and proper.


Dated March 4, 2026                           Respectfully submitted,
                                              By:/s/ *Shaoyi Che*
                                              Shaoyi Che
                                              (che@yzlaw.com)

                                              YoungZeal LLP
                                              9355 John W. Elliott Dr, Ste 25555
                                              Frisco, TX 75033
                                              Telephone: (717) 440-3382